

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 2:17-MJ-1291 |
|---|---|---|
| Plaintiff, | ) | ORDER OF PRETRIAL DETENTION AFTER HEARING |
| v. | ) | (18 U.S.C. § 3142(i)) |
| Jon Brooks Radenbaugh | ) | |
| Defendant. | ) | |

I.

A.   ( ) Upon motion of the Government in a case that involves:

    1.   ( ) a crime of violence or an offense listed in 18 U.S.C. § 2332b(g)(5)(B), for which a maximum term of imprisonment of ten (10) years or more is prescribed; or

    2.   ( ) an offense for which the maximum sentence is life imprisonment or death; or

    3.   ( ) an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substances Act, Controlled Substances Import and Export Act or Maritime Drug Law Enforcement Act; or

4.   ( ) any felony if defendant has been convicted of
                    two or more offenses described in
                    subparagraphs 1-3 above, or two or more state
                    or local offenses that would have been
                    offenses described in subparagraphs 1-3 above
                    if a circumstance giving rise to federal
                    jurisdiction had existed, or a combination of
                    such offenses.
           5.   ( ) any felony that is not otherwise a crime of
                    violence that involves a minor victim, or
                    possession or use of a firearm or destructive
                    device or any other dangerous weapon, or a
                    failure to register under 18 U.S.C. § 2250.
     B.    Upon motion (✓) of by the Government ( ) of the Court <u>sua
           sponte</u>, in a case that involves:
           1.   (✓) a serious risk that defendant will flee;
           2.   ( ) a serious risk that defendant will
                a.   ( ) obstruct or attempt to obstruct justice;
                     or
                b.   ( ) threaten, injure, or intimidate a
                         prospective witness or juror or attempt
                         to do so.
     C.    The Government ( ) is (✓) is not entitled to a rebuttable
presumption that no condition or combination of conditions will
reasonably assure defendant's appearance as required and the safety of
any person or the community.

II.

A.  ( )    The Court finds by a preponderance of the evidence
           that no condition or combination of conditions
           will reasonably assure the appearance of defendant
           as required;

B.  (✓)    The Court finds by clear and convincing evidence
           that no condition or combination of conditions
           will reasonably assure the safety of any other
           person and the community.

III.

The Court has considered:

A.  (✓) the nature and circumstances of the offense(s) charged;
B.  (✓) the weight of the evidence against defendant;
C.  (✓) the history and characteristics of defendant;
D.  (✓) the nature and seriousness of the danger to any person
        or the community that would be posed by defendant's
        release;
E.  (✓) the Pretrial Services Report/Recommendation;
F.  (✓) the evidence proffered/presented at the hearing;
G.  (✓) the arguments of counsel.

///
///
///
///
///
///

|  1 |                                    IV.
|  2 | The Court concludes:
|  3 | A.   (✓) Defendant poses a risk to the *current* safety of other persons
|  4 |          and the community based on: _criminal history;_
|  5 | _parole status / prior parole violation;_
|  6 | _prior substance abuse history; current_
|  7 | _offense allegation._
|  8 | B.   ( ) Defendant poses a serious flight risk based on: _____
|  9 |
| 10 |
| 11 |
| 12 | C.   ( ) A serious risk exists that defendant will:
| 13 |      1.  ( ) obstruct or attempt to obstruct justice;
| 14 |      2.  ( ) threaten, injure or intimidate a prospective
| 15 |              witness or juror or attempt to do so;
| 16 |      based on:
| 17 |
| 18 |
| 19 |
| 20 | D.   ( ) Defendant has not rebutted by sufficient evidence to
| 21 |          the contrary the presumption provided in 18 U.S.C.
| 22 |          § 3142(e) that no condition or combination of
| 23 |          conditions will reasonably assure the safety of any
| 24 |          other person and the community;
| 25 |      and/or

( ) Defendant has not rebutted by sufficient evidence to the contrary the presumption provided in 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of defendant as required.

IT IS ORDERED that defendant be detained prior to trial.

IT IS FURTHER ORDERED that defendant be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or persons held in custody pending appeal.

IT IS FURTHER ORDERED that defendant be afforded reasonable opportunity for private consultation with defendant's counsel.

IT IS FURTHER ORDERED that, on Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED: 6/2/17

HONORABLE JACQUELINE CHOOLJIAN
United States Magistrate Judge